IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

GEORGE LEMM, )
)
    Plaintiff, )
)
vs. ) COMPLAINT AND
) DEMAND FOR JURY TRIAL
OMNI ENGINEERING, INC. )
14012 Giles Road ) 8:06CV254
Omaha, NE 68138 )
)
    Defendant. )

Plaintiff, George Lemm, through his undersigned attorney, brings this Complaint against Omni Engineering, Inc., 14012 Giles Road, Omaha, NE 68138, and in support thereof states the following upon information and belief:

### I. Introduction, Jurisdiction, and Parties

1. This suit is brought and jurisdiction lies pursuant to section 107 (a) of the Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C. §12117, which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5.

2. All conditions precedent to jurisdiction under §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f) (3), have occurred or been complied with.

    a.    A charge of employment discrimination on the basis of disability was filed with the Equal Opportunity Commission ("EEOC") within the statutory time period allowed for such claim.

    b.    A Notification of Right to Sue was obtained by plaintiff. A true and accurate copy of said notification is attached as Exhibit A, and by this reference incorporated herein.

    c.    This complaint has been filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

3. Plaintiff, George Lemm, is a citizen of the United States and the state of Nebraska, who resides at 106 Kirby Avenue, Bellevue, NE 68005.

4. All of the discriminatory employment practices alleged herein were committed within the state of Nebraska.

5. Defendant Omni Engineering, Inc. hereinafter "Omni," is a Nebraska corporation, with a principal place of business in Nebraska, where Defendant operates an asphalt company at which it employed the Plaintiff as a diesel mechanic.

6. Omni is a "person" within the meaning of §701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

7. Omni is engaged in an industry that affects commerce within the meaning of Section 101(7) of the ADA, ADA"), 42 U.S.C. §12117 and §701of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e.

8. Omni employs 15 or more employees and is an "employer" within the meaning of Section 101(5)(A) of the ADA, 42 U.S.C. §12111(5)(A).

## IV. STATEMENT OF CLAIMS

9. More than thirty days prior to the institution of this lawsuit Plaintiff filed a charge with the Equal Employment Opportunity Commission alleging violations

of the ADA by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

10. Plaintiff was employed by the Defendant in a mechanic position from August 5, 2002 until May 27, 2004.

11. Plainitff was diagnosed with heart disease after a heart attack on or about July 21, 1984.

12. Plaintiff's heart was equipped with a defibrillator in 1998.

13. Plaintiff's defibrillator activated on May 26, 2004 while working at Defendant's garage. Medics arrived and tended to Plaintiff and ultimately released him to return to work.

14. Plaintiff was terminate by Omni Engineering, Inc. on May 27, 2004. Bill Valker informed Plaintiff of his termination and explained that the termination was necessary because of safety reasons.

15. At all relevant time in 2004, Defendant and Defendant's agents and/or employees knew of Plaintiff's health condition relating to heart disease.

16. At all times during his employment with Omni through the present time, Plaintiff has been an individual with a "disability" within the meaning of Section 3(2) of the ADA. More particularly, Plaintiff has been diagnosed with heart disease which has resulted in physical impairments substantially limit one or more of his major life activities. Alternatively, Plaintiff has a record of having a disability, and or is regarded by Omni has having a disability.

17. Plaintiff is a "qualified individual with a disability" as that term is defined in §101(8) of the ADA, 42 U.S.C. §12111(8). More specifically, Plaintiff is

an individual with a disability, who reasonable lifting limitations, can perform the essential functions of diesel mechanic without endangering his health or the health of others in the workplace. Further, providing such reasonable accommodation would not impose an undue hardship on Omni.

## FIRST CAUSE OF ACTION

18. Plaintiff incorporates herein, as if fully set forth, the allegations contained in paragraphs one through seventeen (17).

19. The foregoing actions by Defendant, Omni Engineering, Inc., constitute a violation of the ADA. Defendant discriminated against the Plaintiff on the basis of his disability or, alternatively, because of Defendant's perception that Plaintiff was disabled and terminated Plaintiff because of either aforementioned basis.

20. As a direct and proximate result of Defendant's violations of the ADA, Plaintiff has suffered lost wages and lost benefits in an amount to be determined at trial.

21. As a further direct and proximate result of Defendant's violations of the ADA, Plaintiff has suffered undue hardship, great emotional distress, humiliation, inconvenience, loss of enjoyment of life, extreme mental anguish, and damage to his reputation and work status.

## SECOND CAUSE OF ACTION

22. Plaintiff incorporates herein, as if full set forth, the allegations contained in paragraphs one through twenty-one (21).

23. Omni's failure to make reasonable accommodation to Plaintiff's physical disability constitutes discrimination against Plaintiff with respect to the terms, condition, or privileges or employment. Omni's action constitute a violation of Section 102(b)(5)(A) of the ADA, 42 U.S.C. §12111(b)(5)(A).

24. Omni has failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make reasonable accommodation with plaintiff.

25. In failing to make reasonable accommodations to Plaintiff's physical disability, Omni acted with malice or with reckless indifference to the federally protected rights of Plaintiff.

26. As a direct and proximate result of Defendant's aforesaid discrimination, Plaintiff has suffered lost wages and lost benefits in an amount to be determined at trial.

27. As a further direct and proximate result of Defendant's violations of the ADA, Plaintiff has suffered undue hardship, great emotional distress, humiliation, inconvenience, loss of enjoyment of life, extreme mental anguish, and damage to his reputation and work status.

## V. PRAYER FOR RELEIF

Wherefore, the Plaintiff respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in employment practices which discriminate on the basis of disability.

B. Order Defendants to make whole George Lemm providing appropriate backpay with prejudgment interest, in amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, front pay or reinstatement.

C. Order Defendants to make whole George Lemm by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

D. Order Defendants to make whole George Lemm by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, undue hardship, great emotional distress, humiliation, inconvenience, loss of enjoyment of life, extreme mental anguish, and damage to his reputation and work status, in amounts to be determined at trial.

E. Order Defendants to pay George Lemm punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

F. Order the Defendants to pay George Lemm a reasonable attorney's fee for this action.

G. Order the Defendants to pay the cost of this action.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

## VI. JURY TRIAL DEMAND

The Plaintiff requests a jury trial on all questions of fact raised by its complaint.

George Lemm

By: _____
Robb N. Gage, Neb. # 22502
Attorney at Law
11560 West Dodge Road
Omaha, NE 68154
402-498-2777
402-498-6457 (fax)

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: George Lemm
106 Kirby Avenue
Bellevue, NE 68005

From: Denver District Office
303 East 17th Avenue
Suite 510
Denver, CO 80203

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

Charge No.    EEOC Representative    Phone No.

32E-2004-00879    Ronald L. Houser,
State and Local Coordinator    866-1340

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission



Jeanette M. Leino,
Acting Denver District Director

DEC 0 5 2005
(Date Mailed)

Enclosure(s)

cc: Nancy Graham Cagle
OMNI ENGINEERING, INC
14012 Giles Road
Omaha, NE 68138